UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SUSAN RIEDLINGER** | ) | **CIVIL ACTION NO.** |
| | ) | |
| **VERSUS** | ) | **SECTION :** |
| | ) | |
| **OFFSHORE SERVICE VESSELS, LLC,** | ) | **MAGISTRATE:** |
| **GALLIANO MARINE SERVICE, LLC &** | ) | |
| **CHEVRON U.S.A., INC.** | | |

## COMPLAINT

The complaint of Susan Riedlinger, a person of the full age of majority and resident of the State of Louisiana (hereinafter sometimes referred to as "Plaintiff"), who respectfully represents as follows:

1.

Made defendants herein are:

**OFFSHORE SERVICE VESSELS**, **LLC**, a Louisiana corporation, licensed to do and doing business in the State of Louisiana;

**GALLIANO MARINE SERVICE, LLC**., a Louisiana corporation, licensed to do and doing business in the State of Louisiana; and

**CHEVRON U.S.A., INC,** a foreign Corporation, licensed to do and doing business in the State of Louisiana.

1

2.

The jurisdiction of this Honorable Court is based upon the provisions of 28 U.S.C. 1333(1), and is being brought pursuant to the provisions of 46 U.S.C. Section 688 (the "Jones Act"), and the provisions of the general maritime law. Plaintiff designates this matter 9(h) claim under the Federal Rules of Civil Procedure, and hereby elects to proceed as a judge trial.

3.

At all material times, plaintiff Susan Riedlinger, was employed by Galliano Marine Services, Inc. and/or Offshore Service Vessels, L.L.C. as a Jones Act seaman aboard a vessel owned by Offshore Service Vessels, L.L.C. Inc. and operated by Chevron U.S.A., Inc.

4.

Around January 13, 2017, Susan Riedlinger, was employed as a cook for her employer Galliano Marine Services, Inc. and/or Offshore Service Vessels, L.L.C. Inc aboard a vessel owned by Offshore Service Vessels, L.L.C. which was operated by Chevron U.S.A., Inc. Employees of the defendants allowed a stairwell to become cluttered and congested with the luggage of incoming crew personnel. Plaintiff tripped on an obscured luggage handle and fell, injuring her knee and ACL. The defendants did not take adequate measures to protect plaintiff from harm by failing to provide plaintiff with a safe place to work, failing to keep egress and ingress areas free of hazards and obstructions, failure to supervise their employees, and other acts of negligence to be specified at trial.

5.

Due to the unsafe condition of the vessel, the plaintiff suffered painful and severe personal injuries.

6.

The accident was caused by no fault of plaintiff and was caused solely by the negligence of defendants as more fully set forth herein.

7.

As a result of the above described accident, plaintiff, Susan Riedlinger, suffered severe and painful personal injuries/

8.

Plaintiff shows that at all times pertinent she was where she was ordered to be and performing the duties and functions she was instructed and obliged to perform pursuant to directives of defendants Galliano Marine Service, LLC and/or Offshore Service Vessels, L.L.C and/or Chevron U.S.A., Inc.

9.

The casualties occurred as a direct and proximate result of the negligence of defendants in failing to provide safe access between areas of the vessel and between levels of the vessel, causing Ms. Riedlinger to work in unsafe conditions, as well as other acts of negligence which will also be proven at trial. These acts of negligence render the defendant liable to plaintiff pursuant to 46 U.S.C. Section 688, and also pursuant to the general maritime law for negligence.

10.

Plaintiff's accident was caused by defendants' violation of numerous statutes and regulations, including, but not limited to, statutes and regulations issued by OSHA and the United States Coast Guard.

11.

Plaintiff demands that defendants, Galliano Marine Services, LLC and/or Offshore Service Vessels, L.L.C Transporters, provide her with maintenance and cure benefits until such time as she reaches "maximum medical cure," as determined by plaintiff's current treating physician. Employer defendants have not paid any of the medical bills plaintiff has paid and/or still owes concerning her accident. Plaintiff was improperly forced to utilize The Family and Medical Leave Act of 1993 (FMLA) and was eventually wrongly terminated by her employers when that leave ran out.

12.

Plaintiff at all pertinent time conducted herself in a reasonable and prudent manner and the injuries and damages sustained by the plaintiff was caused solely by the negligence of the defendants Galliano Marine Service, LLC, Offshore Service Vessels, L.L.C, and Chevron U.S.A., Inc. through their agents, servants and employees and the vessel, which are more particularly described as follows:

### **NEGLIGENCE OF GALLIANO MARINE SERVICES, LLC**

1. Failing to properly train and/or supervise plaintiff and other employees;
2. Failure to provide adequate assistance and/or fellow employees;
3. Failing to act as a responsible person would act under the circumstances;

4. Failure to see what should have been seen or if it saw the same, failure to act in accordance therewith;

5. Failure to exercise due care and caution;

6. Failure to avoid this accident;

7. Failing to provide plaintiff with a safe place to work;

8. Other acts of omissions or commissions constituting negligence which may be proven upon the trial of this matter.

## NEGLIGENCE OF OFFSHORE SERVICE VESSELS, L.L.C.

1. Failing to properly train and/or supervise plaintiff and other employees;

2. Failure to provide adequate assistance and/or fellow employees;

3. Failing to act as a responsible person would act under the circumstances;

4. Failure to see what should have been seen or if it saw the same, failure to act in accordance therewith;

5. Failure to exercise due care and caution;

6. Failure to avoid this accident;

7. Failing to provide plaintiff with a safe place to work;

8. Other acts of omissions or commissions constituting negligence which may be proven upon the trial of this matter.

## NEGLIGENCE OF CHEVRON U.S.A., INC

1. Failing to properly train and/or supervise plaintiff and other employees responsible for the safety of the vessel;

2. Failure to ensure safe movement around the vessel and between its decks;

3. Failure to see what should have been seen or if it saw the same, failure to

act in accordance therewith;

4. Failure to exercise due care and caution in outfitting their vessels;

5. Failure to avoid this accident;

6. Other acts of omissions or commissions constituting negligence which may be proven upon the trial of this matter.

13.

In the further alternative, plaintiff, Susan Riedlinger., reiterating and realleging each and every allegation set forth above, as though set forth herein in extenso, avers the applicability of the doctrine of Res Ipsa Loquitur.

14.

As a result of the above-described negligence, Susan Riedlinger, sustained the following damages:

    a. Past, present and future physical pain and suffering;

    b. Past, present and future mental pain, suffering and anguish;

    c. Past, present and future medical expenses;

    d. Past lost wages;

    e. Loss of future earning capacity;

    f. Loss of fringe benefits;

    g. Disfigurement and disability;

    h. Loss of enjoyment of life;

    i. Loss of personal property and personal belongings; and,

    j. Other damages which shall be proven at trial.

15.

Plaintiff is entitled to prejudgment interest on her damages from the date of loss. As to any damages which the court determines are not properly subject to an award of prejudgment interest, plaintiff demands interest from the date of judicial demand.

16.

Plaintiff is entitled to recover all costs of these proceedings, including filing fees, expert witness fees, attorney's fees and other court costs and litigation costs.

WHEREFORE, plaintiff, Susan Riedlinger, prays that the defendants, Galliano Marine Service, LLC, Offshore Service Vessels, L.L.C., and Chevron U.S.A., Inc. be duly cited and served with a copy of the Complaint and that after due proceedings are had there be judgment rendered herein in favor of plaintiff and against defendants, Galliano Marine Service, LLC, Offshore Service Vessels, L.L.C., and Chevron U.S.A., Inc in an amount sufficient to adequately compensate your plaintiff for her damages together with legal interest thereon from date of judicial demand until paid, for all costs of this suit and for all general and equitable relief.

**RESPECTFULLY SUBMITTED BY:**

*Ronna M. Steele*
**RONNA STEELE (#20006) T.A.**
301 Huey P. Long Avenue
Gretna, LA 70053
Telephone (504) 366-3475
Fax: 504-361-4752
Attorneys for Susan Riedlinger